UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEROME HAYDEN** | **CIVIL ACTION** |
| **versus** | **NO. 05-2225** |
| **N. BURL CAIN, WARDEN,** | **SECTION: "B" (1)** |

### REPORT AND RECOMMENDATION

      This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  <u>See</u> 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Jerome Hayden, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On April 17, 1997, he was convicted of possession of cocaine in violation of La.Rev.Stat.Ann § 40:967.[2] On May 16, 1997, he was found to be a fourth offender and was sentenced as such to a term of life imprisonment without benefit of probation, parole, or suspension of sentence, with credit for time served.[3] On May 17, 2000, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.[4] He then filed an application for rehearing[5] which was refused on June 30, 2000.[6] He next filed with the Louisiana Supreme Court an application for a writ of certiorari and/or review which was denied on September 21, 2001.[7]

Petitioner alleges that he filed a post-conviction application with the state district court in June 2002.[8] That application was denied in 2004 as untimely.[9] Petitioner challenged that judgment by filing with the Louisiana Fourth Circuit Court of Appeal an application for a

---

[2] State Rec., Vol. II of II, transcript of April 17, 1997, p. 72; State Rec., Vol. II of II, minute entry dated April 17, 1997.

[3] State Rec., Vol. II of II, transcript of May 16, 1997, pp. 16 and 18; State Rec., Vol. II of II, minute entry dated May 16, 1997.

[4] State v. Hayden, 767 So.2d 732 (La. App. 4th Cir. 2000) (No. 98-KA-2768); State Rec., Vol. II of II.

[5] State Rec., Vol. II of II.

[6] Supplemental State Rec., Vol. III of III.

[7] State v. Hayden, 797 So.2d 58 (La. 2001) (No. 2000-KO-1886); State Rec., Vol. II of II.

[8] Rec. Doc. 1, p. 3.

[9] Supplemental State Rec., Vol. III of III, minute entry dated March 22, 2004; Supplemental State Rec., Vol. III of III, Judgment dated April 13, 2004.

supervisory writ.[10] On June 2, 2004, the intermediate appellate court denied that application, finding "no error in the trial court's judgment."[11] Petitioner then filed with the Louisiana Supreme Court an application for a supervisory writ.[12] On April 29, 2005, the Louisiana Supreme Court denied that application, citing La.C.Cr.P. art. 930.8 and State *ex rel.* Glover v. State, 660 So.2d 1189 (La. 1995).[13]

On September 2, 2003, petitioner filed with the state district court a "Motion to Correct Illegal Sentence."[14] On March 22, 2004, that motion was likewise denied as untimely.[15] On June 23, 2005, the Louisiana Fourth Circuit Court of Appeal found "no error in that judgment."[16] He then filed with the Louisiana Supreme Court an application for supervisory and/or remedial writs. On May 26, 2006, the Louisiana Supreme Court denied that application, citing La.C.Cr.P.

---

[10] Supplemental State Rec., Vol. I of III.

[11] State v. Hayden, No. 2004-K-0790 (La. App. 4th Cir. June 2, 2004); Supplemental State Rec., Vol. I of III.

[12] Supplemental State Rec., Vol. III of III.

[13] State *ex rel.* Hayden v. State, 901 So.2d 1056 (La. 2005) (No. 2004-KH-1685); Supplemental State Rec., Vol. III of III.

[14] State Rec., Vol. I of II. There is no date-stamped copy of the filing in the state court record; however, in his related petition for a writ of mandamus, petitioner alleged that his motion was filed on September 2, 2003. State Rec., Vol. I of II.

[15] See State v. Hayden, No. 2005-K-0780 (La. App 4th Cir. June 23, 2005) (unpublished); State Rec., Vol. I of II.

[16] State v. Hayden, No. 2005-K-0780 (La. App 4th Cir. June 23, 2005) (unpublished); State Rec., Vol. I of II.

art. 930.8, State *ex rel.* Glover v. State, 660 So.2d 1189 (La. 1995), and State *ex rel.* Melinie v. State, 665 So.2d 1172 (La. 1996).[17]

On May 18, 2005, while his final Louisiana Supreme Court writ application was still pending, petitioner filed this federal application for *habeas corpus* relief.[18] In the aftermath of Hurricane Katrina and the devastation it wrought in the Orleans Parish District Attorney's Office and the state court system, the District Attorney was granted several extensions of time to respond to that application.[19] However, in light of petitioner's continuing objections and requests for a ruling on his application,[20] the Court ultimately decided to waive a response by the state and requested that the state simply provide a copy of the state court record. The Court has now reviewed that state court record and determined that petitioner's federal application should be dismissed as untimely.

This Court notes that the United States Supreme Court has expressly held that federal district courts are permitted to consider *sua sponte* the timeliness of a state prisoner's federal *habeas corpus* petition. Day v. McDonough, 126 S.Ct. 1675, 1684 (2006). The Supreme Court noted that when a court so acts on its own initiative, it must accord the parties fair notice and an opportunity to present their positions. Id. In the instant case, petitioner had already anticipated that the timeliness of his federal petition would be an issue, and he presented his position on that issue in the

---

[17] State *ex rel.* Hayden v. State, 930 So.2d 9 (La. 2006) (No. 2005-KH-2169).

[18] Rec. Doc. 1.

[19] Rec. Docs. 4, 7, 9, 12, and 17.

[20] Rec. Docs. 5, 8, 10, 13, and 18.

petition itself.[21] Accordingly, it would seem that no further notice and opportunity would be required in this case. Nevertheless, out of an abundance of caution, *petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that this Court is sua sponte raising the issue of limitations and that petitioner must submit any evidence or argument concerning the limitations defense as part of any objections he may file to this report.* See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[22]

As noted, on September 21, 2001, the Louisiana Supreme Court denied petitioner's writ application challenging the state intermediate appellate court's judgment affirming his conviction and sentence.[23] For AEDPA purposes, his conviction became "final" ninety (90) days

---

[21] Rec. Doc. 1, pp. 2-4.

[22] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions are not applicable in the instant case.

[23] State v. Hayden, 797 So.2d 58 (La. 2001) (No. 2000-KO-1886); State Rec., Vol. II of II. The Court notes that petitioner contends that he filed with the Louisiana Supreme Court an application for rehearing and has never received a ruling on that application. Rec. Doc. 1, p. 3. This Court rejects that contention for several reasons. First, there is no evidence that any such application was ever received for filing. In fact, the contrary appears to be true. Petitioner provides what he contends is a copy a mailing receipt for that application. Rec. Doc. 1, Exhibit F. Even if that receipt is genuine, it reflects that petitioner paid the return receipt fee for proof of receipt; however, he furnishes no such return receipt, presumably because he has none. Moreover, it is unlikely that had any such application for rehearing been received by the Louisiana Supreme Court it would still be

later when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, petitioner's one-year period for seeking federal *habeas corpus* relief commenced on December 20, 2001, and expired one year later on December 20, 2002, unless that deadline was extended through tolling.

The Court first looks to statutory tolling. The AEDPA provides: "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

Petitioner claims that he is entitled to statutory tolling based on his state post-conviction application. However, that application was denied at all levels of the state court system as untimely filed. The state district court expressly denied the application as untimely.[24] The Louisiana Fourth Circuit Court of Appeal denied petitioner's related writ application, holding: "Relator has failed to provide any support for his allegation that his application for post conviction

---

pending almost *five years* later. Lastly, even if he filed such an application, it is of no moment. Louisiana Supreme Court Rule IX, § 6, clearly provides that an application for rehearing *will not be considered* in cases, such as this one, where the court merely denied an application for a writ of certiorari or a remedial or other supervisory writ.

[24] Supplemental State Rec., Vol. III of III, minute entry dated March 22, 2004; Supplemental State Rec., Vol. III of III, Judgment dated April 13, 2004.

- 6 -

relief was timely filed. Consequently, this count [sic] finds no error in the trial court's judgment."[25] The Louisiana Supreme Court likewise denied petitioner's related writ application, citing La.C.Cr.P. art. 930.8 and State *ex rel.* Glover v. State, 660 So.2d 1189 (La. 1995), both of which concern the prescriptive period for filing a state post-conviction application.[26] The United States Supreme Court has made clear that when, as here, the state courts have rejected a state post-conviction application as untimely, it cannot be considered a "properly filed" application and does not entitle a petitioner to any statutory tolling under 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

In the instant case, petitioner argues that the state courts erred in dismissing his post-conviction application as untimely. He alleges that he filed his post-conviction application by mail in June 2002, well within the state prescriptive period. The Court notes that he has attached to his federal application what he purports is a postal receipt which shows delivery of his application to the Orleans Parish Criminal District Court on June 21, 2002.[27] However, that receipt proves nothing. Even if the receipt is genuine, it, at most, shows that *something* petitioner mailed to the state court was received on that date; it does not does establish that the thing mailed and received was his post-conviction application. Moreover, this Court notes that petitioner provided that same purported "proof" of timely filing to the Louisiana Supreme Court as part of his writ application in case

---

[25] State v. Hayden, No. 2004-K-0790 (La. App. 4th Cir. June 2, 2004); Supplemental State Rec., Vol. I of III.

[26] State *ex rel.* Hayden v. State, 901 So.2d 1056 (La. 2005) (No. 2004-KH-1685); Supplemental State Rec., Vol. III of III.

[27] Rec. Doc. 1, Exhibit D.

number 04-KH-1685.[28]  That court obviously similarly found the "proof" unconvincing, in that, based on the authorities cited, it indicated that the state post-conviction application was in fact untimely filed.  For purposes of § 2244(d)(2), "'that [is] the end of the matter.'"  Pace, 544 U.S. at 414 (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)).

Because petitioner is entitled to no statutory tolling for that post-conviction application, and because he had no other properly filed state applications for post-conviction relief or other collateral review pending before any state court at any time between December 20, 2001, and December 20, 2002, he is entitled to no statutory tolling under § 2244(d)(2).[29]

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

---

[28] Supplemental State Rec., Vol. III of III, writ application, Exhibit E.

[29] The Court notes that petitioner filed a "Motion to Correct Illegal Sentence" *after* the expiration of the AEDPA's one-year statute of limitations.  However, an application filed after the expiration of the statute of limitations has no bearing on the timeliness of a petitioner's federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).  Moreover, in any event, petitioner would not be entitled to any tolling for that motion because it was likewise denied as untimely filed.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before December 21, 2002, in order to be timely. Petitioner's federal application was not filed until May 18, 2005,[30] and it is therefore untimely.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Jerome Hayden be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of August, 2006.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] Petitioner signed his application on May 18, 2005. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).