UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEROME HAYDEN**                              *    **CIVIL ACTION**

**VERSUS**                                     *    **NO. 05-2225**

**N. BURL CAIN, WARDEN**                       *    **SECTION "B"**

## ORDER AND REASONS

Petitioner, Jerome Hayden seeks federal habeas corpus relief under 28 U.S.C. §2254 and challenges his conviction of and sentencing for possession of cocaine. For the reasons that follow, **IT IS ORDERED** that Petitioner's Motion is hereby **DENIED**. Accordingly, the report and recommendation of the Magistrate Judge is adopted.

## BACKGROUND

Petitioner, Jerome Hayden was convicted of possession of cocaine on April 17, 1997. On May 16, 1997, the court found he was a fourth offender and sentenced him to a term of life imprisonment without benefit of probation, parole, or suspension of sentence, with credit for time served. Hayden appealed and the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence. His application for rehearing was denied in June of 2000 and the Louisiana Supreme Court denied his writ of certiorari in September of 2001.

Hayden claimed that he filed a post-conviction application

with the state district court in June of 2002, but the application was denied as untimely on March 22, 2004. Both the Fourth Circuit Court of Appeal and the Louisiana Supreme Court denied his applications for supervisory writs in 2004 and 2005.

On September 2, 2003, Hayden filed a "Motion to Correct Illegal Sentence." This motion was also denied as untimely. The Fourth Circuit Court of Appeal affirmed and the Louisiana Supreme Court denied his application for supervisory and/or remedial writs.

On May 18, 2005, Hayden filed a petition for habeas corpus relief under 28 U.S.C. 2254. The District Attorney was granted several extensions to respond due to Hurricane Katrina. Hayden objected to the extensions and requested a ruling on his application. The Court waived a response by the state and requested a copy of the state court record.

The Magistrate Judge reviewed the state court record and decided that the petitioner's habeas petition should be dismissed as untimely. The Court raised the issue of timeliness sua sponte.

## LAW AND ANALYSIS

Under 28 U.S.C. §2244(d)(2), a state prisoner has one year from the date his conviction becomes final to timely request federal habeas relief. The Louisiana Supreme Court denied Hayden's writ application challenging his conviction and sentence on September 21, 2001. State v. Hayden, 797 So.2d 58 (La. 2001).

Hayden did not file his federal habeas petition until May 18, 2005. This is well beyond the one year period to file for federal habeas relief that is provided by the Antiterrorism and Effective Death Penalty Act of 1996.

Although Petitioner did have State post-conviction claims pending, he is not entitled to statutory tolling. Tolling is only applicable when <u>properly filed</u> applications are pending. 28 U.S.C. § 2244(d)(2). The state district court denied the petitioner's state post-conviction application as untimely. The Louisiana Fourth Circuit Court of Appeal denied the writ application because the Petitioner was unable to show it was timely filed. <u>State v. Hayden</u>, No. 2004-K-0790 (La. App. 4th Cir. June 2, 2004). Finally, the Louisiana Supreme Court also denied the writ application for timeliness. <u>State ex rel. Hayden v. State</u>, 901 So.2d 1056 (No. 2004-KH-1685). The United State Supreme Court held that when state courts reject a state post-conviction application as untimely, it should not be considered "properly filed" for purposes of the AEDPA and does not entitle a petitioner to statutory tolling. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005). <u>See also</u>, Walker v. Norris, 436 F.3d 1026 (8th Cir. 2006) (citing Pace for the proposition that once the state has determined the petition is untimely it should not be reviewed).

## CONCLUSION

Based on the foregoing, this Court holds that petitioner's motion is untimely.  Accordingly, Petitioner's Motion for federal habeas relief is **DENIED**.

New Orleans, Louisiana, this 11th day of January, 2007.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE